UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

SL FH PRODUCE, LLC, d/b/a PREFERRED
BRANDS PRODUCE, a Michigan                          Case No. 1:19-cv-1023
limited liability company,

          Plaintiff,

v

SANCHEZ FRESH FOODS, INC.,
a corporation and ANDREW SANCHEZ,
an individual,

          Defendants.

_____/

Thomas M. Wardrop (P38268)
WARDROP & WARDROP, P.C.
Attorney for Plaintiff
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI  49503
(616) 459-1225
mac@wardroplaw.com
_____/

**COMPLAINT FOR VIOLATIONS OF THE
PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA")
[7 U.S.C. §499e, *et. seq.*]**

Plaintiff SL FH Produce, LLC, d/b/a Preferred Brands Produce ("Preferred Brands" or

"Plaintiff"), by and through its attorneys, Wardrop & Wardrop, P.C., hereby complains and

alleges as follows:

**COUNT I**

**Jurisdiction and Venue**

    1.     This Court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable

Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant

to 28 U.S.C. §1331.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2.      Plaintiff is and during all times herein has been a limited liability company organized and doing business under the laws of the State of Michigan, with its principal place of business in the City of Grand Rapids, State of Michigan.

3.      Plaintiff is informed, believes and thereon alleges that defendant Sanchez Fresh Foods, Inc. ("Sanchez Fresh Foods") is and during all times relevant herein was a corporation with its principal address of 543 – 19th Street, Otsego, MI  49078.

4.      Plaintiff is informed, believes and thereon alleges that Defendant Andrew Sanchez ("Andrew Sanchez") is an individual who during all times material herein was an officer, director, shareholder, and/or controlling insider of Sanchez Fresh Foods, Inc., and who at all relevant times herein maintained a principal place of business located in Otsego, Michigan 49078.

5.      Sanchez Fresh Foods, Inc. and Andrew Sanchez are referred to collectively herein as "Defendants".

6.      Plaintiff is informed, believes and thereon alleges that Andrew Sanchez is and at all times material herein was an insider with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and during times relevant herein were responsible for the daily management and control of Sanchez Fresh Foods, Inc. and who are and during relevant times herein were statutory trustees under the PACA in positions to control the PACA trust assets that are the subject of this lawsuit.

**COUNT II**

**FIRST CAUSE OF ACTION**
**(Breach of Contract Against Defendant Sanchez Fresh Foods, Inc.)**

7.      Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 inclusive of this Complaint as though fully set forth herein.

8.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Sanchez Fresh Foods, Inc. was engaged in the handling of produce in interstate and/or

2

foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

9.      Between on or about October 25, 2019 and November 15, 2019, in a series of transactions, Plaintiff sold perishable agricultural commodities to Defendant Sanchez Fresh Foods, Inc. at said Defendant's request, which was transported to interstate commence to Freezer and Dry Storage, LLC, for which said Defendant Sanchez Fresh Foods, Inc. agreed to pay Plaintiff in the principal amounts at least as great as the sum of $46,026.50.

10.     At or about the date of each transaction described above, Plaintiff forwarded to Defendant Sanchez Fresh Foods, Inc. invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities, cumulatively totaling the principal amount of $46,026.50.

11.     Plaintiff has repeatedly demanded that Defendant Sanchez Fresh Foods, Inc. pay the amounts due and owing under the invoices.  However, said Defendant Sanchez Fresh Foods, Inc. has failed and refused, and continues to fail and refuse, to pay Plaintiff for the produce purchased and no part of those sums due and owing has been paid.

12.     Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

13.     As a direct and proximate result of the failure of Defendant Sanchez Fresh Foods, Inc. to remit payment due to Plaintiff as described above, Plaintiff has suffered cumulative losses in the amount of at least $46,026.50, plus recoverable attorney's fees and finance charges at the rate of 1.5% per month.

## COUNT III

## SECOND CAUSE OF ACTION
### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

14.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 13 inclusive of this Complaint as though fully set forth herein.

15.     Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)] and operating under a valid PACA license number 20130981.

16.     Plaintiff is informed and believes and thereon alleges that during all times mentioned herein, Defendant Sanchez Fresh Foods, Inc. was engaged in the business of buying and selling perishable agricultural commodities as defined by PACA in wholesale and jobbing quantities and was operating under PACA license number 20130981.

17.     The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce between Michigan and other states.

18.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendant Sanchez Fresh Foods, Inc., Plaintiff became a beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

19.     Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff as performed and fulfilled all duties required to preserve its trust benefits in the cumulative amount of at least $46,026.50 as separately set forth above, for the perishable agricultural commodities sold to Defendant Sanchez Fresh Foods, Inc., all of which remains past due and unpaid.

20.     Plaintiff is informed and believes for the reasons alleged herein above, that Defendants, and each of them, are statutory trustees under PACA.  The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to main the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

21.     Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff. [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

22.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative principal loss of at least $46,026.50, plus recoverable attorney's fees and finance charges in amounts to be proven, all of which qualifies for protection under the PACA trust.

5

## COUNT IV

### THIRD CAUSE OF ACTION
### (For Violation of Perishable Agricultural Commodities Act:  Failure to Account)

23.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 22, inclusive, of this Complaint as though fully set forth herein.

24.    Plaintiff has repeatedly demanded that Defendants pay the amounts due states above, for produce sold and delivered to Defendants as described above.  Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions.  Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

25.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative principal loss of $46,026.50 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and finance charges in amounts to be determined.

## COUNT V

### FOURTH CAUSE OF ACTION
### (For Breach of Fiduciary Duty Against All Defendants)

26.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth herein.

27.    Plaintiff is informed, believes and thereon alleges that during times relevant to this action, Andrew Sanchez is the controlling officer, director, member, and/or shareholder of Defendant Sanchez Fresh Foods, Inc.

6

28.     As the controlling officer, director, member, and/or shareholder of Defendant Sanchez Fresh Foods, Inc., Andrew Sanchez had and continues to have a duty to ensure that Defendant Sanchez Fresh Foods, Inc. fulfilled its duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligations became due.

29.     Plaintiff is informed, believes and thereon alleges that during times herein Andrew Sanchez had full knowledge and responsibility for the handling of Defendant Sanchez Fresh Foods, Inc.'s duties as trustees of the PACA trust.

30.     Plaintiff is informed, believes and thereon alleges that Andrew Sanchez controlled or had and continue to have a duty to control Defendant Sanchez Fresh Foods, Inc.'s operations and financial dealings, including those involving the PACA Trust Assets.

31.     Plaintiff is informed, believes and thereon alleges that Defendant Sanchez Fresh Foods, Inc. breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

32.     Plaintiff is informed, believes and thereon alleges that Andrew Sanchez breached his fiduciary duties to direct Defendant Sanchez Fresh Foods, Inc. to fulfill its duties as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce they supplied to Defendants.

33.     As a direct and proximate cause and result of the Defendant Sanchez Fresh Foods, Inc. and Andrew Sanchez's breach of his fiduciary duties, Plaintiff has incurred damages in the cumulative amount of at least $46,025.60 plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

34.     As statutory PACA trustees, Andrew Sanchez is personally liable to Plaintiff for the breach of fiduciary duty in dissipating the PAC trust to the extent of $46,026.50, less any monies Plaintiff receives from the PACA Trust Assets.

**COUNT VI**

**FIFTH CAUSE OF ACTION**
<u>**(For Unjust Enrichment Against All Defendants)**</u>

35.　　Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 34, inclusive, of this Complaint as though fully set forth herein.

36.　　Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the amount of at least $46,026.50.

37.　　If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

38.　　As a direct and proximate result of the wrongful conversion or retention of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the amount of at least $46,026.50, plus finance charges at the contract rate pursuant to the written invoices between the parties, plus costs, and recoverable attorneys' fees, all of which qualify for protection under the PACA trust.

**COUNT VII**

**SIXTH CAUSE OF ACTION**
<u>**(For Declaratory Relief Against All Defendants)**</u>

39.　　Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 38, inclusive, of this Complaint as though fully set forth herein.

40.　　An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

41.　　Plaintiff seeks an Order of this Court declaring that its PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables,

inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a

beneficiary.  Plaintiff would show that any perfected security interest which a third party might

have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically

avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

42.     Further, Plaintiff seeks a declaratory judgment from this Court establishing (1)

that the trust funds are not part of Defendants' property or the estate of Defendants under 11

U.S.C. §541; (2) that Plaintiff's trust claims under the PACA amendment is superior to and takes

priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts

receivable, inventory and the proceeds thereof; and (3) that only funds in excess of the trust

funds necessary to pay the PACA trust claimants are property of Defendants or the estate of

Defendants, possibly subject to a third party's liens or claims, if such are established.  7 U.S.C.

§499(b)(4) and 7 Code of Federal Regulations §46.33.

**COUNT VIII**

**SEVENTH CAUSE OF ACTION**
**(For Conversion Against All Defendants)**

43.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through

42, inclusive, of this Complaint as though fully set forth herein.

44.     At all times relevant herein, Plaintiff was and currently is, entitled to possession

of the specific sums as alleged herein in the total cumulative principal amount of at least

$46,026.50.

45.     During times relevant herein, and continuing thereafter, Plaintiff has repeatedly

demanded the immediate turnover of the above-mentioned sums but Defendants have failed

and refused and continue to fail and refuse to turn over such sums of money to Plaintiff.  Plaintiff

is informed and believes and thereon alleges that Defendants have diverted, and will continue to

divert payments of the Defendants' accounts receivable, assets of the PACA trust and monies

due and owing to Plaintiff to themselves and to other unknown third parties.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION
## (For Breach of Contract)

1.      For damages in the cumulative amount of $46,026.50 as against Defendant Sanchez Fresh Foods, Inc.;

2.      For finance charges at the contract rate of 1.5% per month from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorneys' fees and costs of suit incurred herein; and

4.      For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## (For Enforcement of Statutory Trust Provisions of PACA)

1.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the combined amount of $46,026.50 as against Defendants;

2.      For finance charges at the contract rate of 1.5% per month from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorneys' fees and costs of suit incurred herein; and

4.      For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION
## (For Violation of Perishable Agricultural Commodities Act:  Failure to Account and Pay Promptly)

1.      For damages in the combined amount of $46,026.50 as against Defendants;

2.      For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $46,026.50 as against Defendants, jointly and severally;

3.      For finance charges at the contract rate of 1.5% per month from the date the obligation became due and payable to Plaintiff;

4.      For attorneys' fees as deemed reasonable by this Court.

## FOURTH CAUSE OF ACTION
### (For Breach of Fiduciary Duty)

1.     For judgment against Andrew Sanchez and in favor of the Plaintiff in the cumulative amount of $46,026.50;

2.     For finance charges at the contract rate of 1.5% per month from the date the obligation became due and payable to Plaintiff;

3.     For reasonable attorneys' fees and costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION
### (For Unjust Enrichment – As Against All Defendants)

1.     For damages in the principal amount of $46,026.50;

2.     For finance charges at the contract rate of 1.5% per month from the date the obligation became due and payable to Plaintiff;

3.     For additional service charges and other charges pursuant to the written invoices between the parties;

4.     For attorneys' fees and costs; and

5.     For such other and further relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION
### (For Declaratory Relief – As Against All Defendants)

1.     For a declaratory judgment establishing that:

   a.   The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

   b.   The Plaintiff's trust claim under the PACA amendment is superior to and takes priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds.

    c.  Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established.

2.    For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the principal sum of at least $46,026.50.

3.    For interest or finance thereon at the highest rate allowed by law from the date the obligation became due and payable to Plaintiff;

4.    For additional service charges and other charges pursuant to the written invoices between the parties;

5.    For attorneys' fees and costs; and

6.    For such other and further relief as this Court deems proper.

## SEVENTH CAUSE OF ACTION
### (For Conversion)

1.    For value of the monies converted in the amount of $46,026.50 as against Defendants, and each of them, jointly and severally;

2.    For interest or finance charges at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.    For attorneys' fees and costs of suit incurred; and

4.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

WARDROP & WARDROP, P.C.

Dated:  December 5, 2019      By:_____

                           Thomas M. Wardrop (P38268)
                  Business address:
                      300 Ottawa Avenue, NW, Suite 150
                      Grand Rapids, MI  49503
                      (616) 459-1225
                      mac@wardroplaw.com

935515.120219.Complaint